## Brown v. Finnegan

*Cletus M. Lyman, Jos. L. O'Donnell, James Lenahan Brown* and *Sidney G. Handle,* for plaintiffs.

*Thomas D. McBride,* Attorney General, and *Harry J. Rubin,* Deputy Attorney General, for defendant.

SOHN, J., May 31, 1957.—This is an action in mandamus to compel the Secretary of the Commonwealth to receive and file the nomination papers of plaintiffs as candidates of the Independent Party for various judicial offices in Luzerne County. The pleadings consist of plaintiffs' complaint, the answer of defendant with new matter and plaintiffs' reply to new matter. The matter is now before us on plaintiffs' motion for judgment on the pleadings. There is no dispute as to the facts, and those facts essential to the disposition of this case are adequately pleaded and set forth herein. The prayer of the complaint is that an order be issued compelling the Secretary of the Commonwealth of Pennsylvania to receive and file the said nomination papers of plaintiffs as of April 8, 1957, so that the said plaintiffs' names, James Lenahan Brown, Joseph V. Kasper and Robert J. Gillespie, appear as candidates of the Independent Party on the voting machines to be used throughout the Eleventh Judicial District in the municipal election to be held on November 5, 1957.

On April 8, 1957, the above-named plaintiffs submitted to the office of defendant certain papers purporting to be nomination papers for the "Independent

Party," nominating plaintiffs Brown and Kasper as Judges of the Court of Common Pleas of Luzerne County, and plaintiff Gillespie as Judge of the Orphans' Court of that county. Defendant rejected said papers on the ground that they did not conform to the requirements of the Pennsylvania Election Code of June 3, 1937, P. L. 1333. The specific objection to their filing was that the candidates' affidavits appended thereto did not conform to the requirements of section 951(e)(5) of the Election Code, 25 PS §2911. By the provisions of this subsection, it is required that a candidate's affidavit state that the candidate's name has not been presented as a candidate by nomination petitions for *any public office* to be voted for at the ensuing primary election, and that the candidate has not been nominated by any other nomination papers filed for *any such office*.

The pleadings in this case indicate that each one of the three plaintiffs had been presented as a candidate by nomination petitions for a public office to be voted on at the ensuing primary election.

As a result of the rejection of their papers as aforedescribed, plaintiffs filed a complaint in mandamus, requesting the court to compel defendant to accept the papers as of April 8, 1957. Defendant filed an answer thereto, raising as new matter the above statutory provisions and the failure of plaintiffs' affidavits to conform thereto. In a reply to this new matter, plaintiffs alleged that the requirement of section 951(e)(5) does not apply to the candidates for the office of judge of a court of record, and at the same time they filed a motion for judgment on the pleadings.

The question presented for our consideration is a very narrow one. Plainly stated, it is: Does the requirement of section 951(e)(5) of the Pennsylvania Election Code that a candidate nominated by a *political body* must append to his nomination papers an affidavit stating that his name has not been presented

as a candidate by nomination petitions for *any public office* to be voted on at the ensuing primary election apply to a candidate for judge of a court of record?

Defendant herein makes no claim that plaintiffs' papers are defective in any other matter than the one heretofore pointed out, his objection solely being that the form of the affidavit does not comply with the Pennsylvania Election Code. In the pleadings, plaintiffs admit that each of them is a candidate by petition for the nomination of a regularly constituted *political party* for the office of judge at the primary election of May 21, 1957.

In solving the question before us, we must consider that the Pennsylvania Election Code establishes two basic methods of nominations for political office: (1) By selection at a primary election, or (2) by nomination papers. The former method is limited to candidates for the nomination of a political party; the latter method, to candidates for the nomination of a *political body*. The terms "political party" and "political body" are not interchangeable. As a basic proposition, a party is an organization which has polled a sufficiently large number of votes at the preceding general or municipal election to entitle it to nominate all its candidates for office and to elect all its party officers at primaries, under the provisions of the Election Code. An organization which does not poll the requisite number of votes at the preceding election cannot nominate candidates or elect its officers at primaries. It can only nominate candidates by *nomination papers*.

A candidate for a party nomination must stand for selection at a primary. In order to get on the primary ballot, he must file a *nomination petition* signed by a requisite number of registered members of his party. If he is chosen at the primary election as his party's nominee, he runs for the particular office at the ensuing general or municipal election. With respect to a

particular body's nominee, however, an entirely different procedure is necessary. A political body's nominee is nominated directly by the body, through filing *nomination papers* containing a requisite number of signatures. It follows that the nominees for office at a November election can get on the ballot by one of two ways, by political party nomination at a primary election, or by political body nomination through papers.

A nominee by papers has to obtain a much larger number of signatures than a candidate for party nomination by petition. He also is subject to different provisions of the Election Code from a candidate by petition. A candidate for party nomination is required to follow sections 901 to 923 of the Election Code, 25 PS §§2861 to 2883. A candidate of a political body by nomination papers is governed by sections 951 to 954 of the Election Code, 25 PS §§2911 to 2914. Each candidate for office by petition must file an affidavit with his petition stating, among other things, the following:

"(f) *unless he is a candidate for judge of a court of record*, that he is not a candidate for nomination for the same office of any party other than the one designated in such petition;". (Italics supplied.)

Clearly, the purpose of this provision is to insure "party purity", that is, that one party cannot capture the candidates of another party by nominating them itself. It is a provision which promotes the continuance of the two-party system, which is so necessary for the maintenance of our political structure. We have recognized for a long time that judges are and should be nonpartisan, that they should not allow the dictates of any one political party to affect their judicial actions. If candidates for judicial office can obtain a sufficient number of votes from the members of each political party, they may run as a candidate of more than one party. To do so, however, they must be

chosen in this manner at the primary election, that is, by the ballot of party members.

A *nominee by papers* is required by the Election Code to file an affidavit in which the comparable statement is as follows:

"(5) that his name has not been presented as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election, nor has he been nominated by any other nomination papers filed for any such office": 25 PS §2911.

In this provision we find no exception with respect to candidates for judicial office. We believe that the legislature has definitely and deliberately made this omission. A similar omission is found in section 976 of the code, 25 PS §2936. This last-named section requires the Secretary of the Commonwealth to reject a petition or paper in certain situations. Among them are the following:

"(d) in the case of nomination petitions, if nomination papers have been filed for printing the name of the same person for the same office, *except the office of judge of a court of record,* upon the official ballot of more than one political party; or

"(e) in the case of *nomination papers,* if the candidate named therein has filed a nomination petition for *any public office* for the ensuing primary, or has been nominated for *any such office* by nomination papers previously filed;". (Italics supplied.)

This divergency clearly shows that a person nominated by papers cannot also be a candidate for a nomination by a party at the primary, or a nominee by papers of any other political body, if he be a candidate for judicial or any other office.

There can be no question that the single nomination requirements of the Election Code are not generally applicable to candidates for judicial office. However, the clear distinction drawn by it to candidates of

*political bodies* is amply justified. A judicial candidate who can obtain both major parties' nomination at a primary has proven its bipartisanship. This is the one area of candidacy where he should be given the opportunity to show it.

A candidate nominated by political *papers* is in a different situation. He could give little evidence of bipartisan support by securing a party nomination and in addition, that of a *political body*. Nominations by a political body are not forbidden; they are expressly allowed as long as the candidate is not also a candidate of a political party or another political body. Otherwise, as is pointed out by Mr. Justice Jones, now Chief Justice Charles Alvin Jones, in his dissenting opinion in Thompson v. Morrison, 352 Pa. 616, at page 625:

". . . The result will be a cluttering up of the *election* ballot for no better purpose than to multiply the number of times the particular candidate's name may appear thereon at the ensuing general or municipal election. Such a situation could proceed even to the point of threatening the availability of voting machines for use at an election."

The Election Code never intended that it be extended so far.

We are fully aware that in 1945 the Supreme Court of Pennsylvania in Thompson v. Morrison, supra, decided that the Election Code requirements which we have analyzed heretofore did not apply to candidates for the office of a judge of a court of record. We believe now, however, that that decision is no longer the law of Pennsylvania. The applicable statutory provisions have been changed. The decision in Thompson v. Morrison was handed down on September 24, 1945, after the 1945 session of the General Assembly had adjourned on May 7, 1945. At its very next session, the General Assembly passed the Act of July 5, 1947,

P. L. 1358, in which it made clear that the provisions of section 951 (*e*) (5) of the Election Code do not apply to candidates for judicial office.

At the time of the decision in Thompson v. Morrison, the applicable provisions read as follows:

1. Section 951 (*e*) (5), the affidavit provision: "(5) that his name has not been presented as a candidate by nomination petitions *for the same office* to be voted for at the ensuing primary election, nor has he been nominated by any other nomination papers filed *for the same office.*" (Italics supplied.)

2. Section 976 (*e*), the provision requiring rejection by the Secretary: "(e) in the case of *nomination papers*, if the candidate named therein has filed a nomination petition for the same office for the ensuing primary, or has been nominated *for the same office* by nomination papers previously filed;". (Italics supplied.)

The amending Act of 1947 in section 951 (*e*) (5), relating to nominations by political bodies, removed the two words "the same" in all four places it appears in the above two provisions, and inserted instead the words "any public" the first place in each provision and the words "any such" at the second place. This former language was not clearly intended to include judicial candidates. With the amendments, however, the breadth of the restrictions becomes clear. It includes "any public office" with no exception for judicial office as is found elsewhere in the Election Code.

With these changes made by the legislature in 1947, under section 951 (*e*) (5), the legislature has made it very plain that a nominee of a *political body* for the office of a judge of a court of record must make and file the same affidavit with his nomination *papers* as a nominee for any other office. Clearly, plaintiffs' affidavit presented in this case was not in conformity with this requirement.

Accordingly, we must make the following

*Order*

And now, May 31, 1957, judgment on the pleadings is hereby entered in favor of defendant and against plaintiffs.